UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                          CRIMINAL NO. 2:18cr86

**FELIX PINEDA-GARCIA,**

   **Defendant.**

## OPINION

This matter comes before the court on Defendant's Motion to Dismiss Indictment ("Motion"), filed on March 4, 2019. ECF No. 14. Defendant's Motion raises two independent grounds for dismissal. Id. at 1. First, Defendant asserts that the government failed to serve him with a Notice of Hearing to give him actual notice of his rescheduled removal hearing, which violated his right to due process and prejudiced his ability to appear and defend against his removal. Id. Second, Defendant asserts that the immigration court did not have jurisdiction to issue the Removal Order against him due to a defect in the Notice to Appear. Id.

The United States filed a Response to Defendant's Motion ("Response") on March 13, 2019. ECF No. 15. Defendant filed a Reply to Government's Response ("Reply") on March 19, 2019, ECF No. 16, and a Notice of Request for Hearing ("Request for Hearing") on March 20, 2019, ECF No. 17. The United States filed a Response Opposing Request for an Immediate Hearing, requesting the court

not hold an evidentiary hearing until receipt of the complete record of proceedings before the administrative immigration court ("record of immigration proceedings"). ECF No. 18. On March 22, 2019, the court issued an Order granting Defendant's Request for Hearing, to be held after receipt of the record of immigration proceedings. ECF No. 19. On March 29, 2019, the United States filed a Supplement to Response. ECF No. 20. The Supplement to Response informed the court that on March 28, 2019, the United States received the record of immigration proceedings. Id. at 1. Defendant's Motion was set for a hearing on April 30, 2019.

On April 18, 2019, the United States filed a Memorandum of Law Regarding Attorney-Client Privilege and Communication of Immigration Hearing Notification ("Memorandum of Law"). ECF No. 23. On April 22, 2019, Defendant filed a Notice ("Defendant's Notice"), informing the court that he no longer proceeds on his "actual-notice claim" because the record of immigration proceedings includes a Notice of Hearing for the September 11, 2008 removal hearing. ECF No. 24 at 1 (citing ECF No. 20-6). Defendant proceeds only on his jurisdictional claim. Id. Defendant's Notice also indicated that he believed an evidentiary hearing was no longer necessary. Id. The United States filed a Response to Defendant's Notice, requesting the court proceed with the hearing to fully develop the record. ECF No. 25.

On April 30, 2019, the court held the hearing. ECF No. 26. At the hearing, the United States presented evidence, Defendant confirmed his withdrawal of his "actual-notice claim,"[1] and the court heard arguments of counsel regarding Defendant's jurisdictional claim. Id. The matter is now ripe for decision.

I.

The following information is taken from the numerous exhibits filed in this case, which include documents from Defendant's immigration and state court records. The parties do not dispute the authenticity and veracity of these documents and the information contained therein. See Mot. at 1-4; Resp. at 2-3.

Defendant is a citizen of Mexico who entered the United States without authorization in April of 2003. Notice Appear at 1, ECF No. 15-5. On August 9, 2007, after immigration authorities took him into custody, Defendant was personally served with a Notice to Appear. Id. at 2. The Notice to Appear alleged that Defendant was not a United States citizen and had entered the United States without being inspected by immigration authorities. Id. at 1. The Notice to Appear ordered Defendant to appear for a hearing before

---

[1] For the record, the court notes its agreement that Defendant's "actual-notice claim" fails because Defendant received notice of the September 11, 2008 hearing. See Notice Hr'g, ECF No. 20-6; Gov't's Ex. 2; see also 8 U.S.C. § 1229(a)(2)(A) (authorizing notice of a change in time or place of proceedings to be served on the alien's counsel of record by mail); 8 C.F.R. §§ 292.5, 1292.5 (same).

3

an immigration judge on March 27, 2008, at 9:00 A.M. Id. The line for the address of the immigration court on the Notice to Appear was left blank. Id.

In the interim, on August 23, 2007, Defendant was released on a personal recognizance bond, which was signed by Defendant, and which set forth the scheduled immigration proceeding, indicating not only the date and time of the proceeding, but also the location of the courthouse. Order Release Recognizance, ECF No. 15-6. Defendant subsequently retained counsel to represent him in the immigration proceedings, and the immigration attorney filed a Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court on March 13, 2008. ECF No. 14-3. Defendant's immigration attorney requested a continuance of the March 27, 2008 hearing. Mot. Continue, ECF No. 15-7. The proceedings were continued to September 11, 2008, and a new Notice of Hearing stating the time and place of the hearing was sent to Defendant's immigration attorney. Notice Hr'g, ECF No. 20-6.

On August 15, 2008, Defendant's immigration attorney filed a Motion to Withdraw as Counsel of Record ("Motion to Withdraw"). ECF No. 20-4. In the Motion to Withdraw, Defendant's immigration attorney stated that he had "informed [Defendant] of this hearing in writing and in person and ha[d] warned him of the consequences of failing to appear." Id. at 3. The Motion to Withdraw was granted by an Order of August 20, 2008. ECF No. 20-5.

4

## II.

At the April 30, 2019 hearing, the court heard testimony from Defendant's immigration attorney, Mr. Hugo Valverde. Mr. Valverde testified that the Motion to Withdraw reflected that he had informed Defendant of the September 11, 2008 hearing in writing and in person and had warned Defendant of the consequences of failing to appear. The United States requested Mr. Valverde produce the letter that Mr. Valverde had sent to Defendant informing him of the September 11, 2008 hearing.[2]

Mr. Valverde asserted that attorney-client privilege applied to the letter. The court ordered Mr. Valverde to produce the letter for in camera review. Although almost all the letter is in Spanish, a portion of the letter clearly states the date, time, and location of the September 11, 2008 hearing. Gov't's Ex. 2. The United States and Defendant agreed that "[c]ommunications between attorney and client to inform the client of a court appearance are not privileged communications." United States v. Savage, No. 86-5618, 1987 WL 37528, at *2 (4th Cir. May 20, 1987) (citations omitted)

---

[2] Mr. Valverde testified that Defendant's physical client file had been destroyed after five years, pursuant to the law firm's document retention policy. Mr. Valverde also testified that the firm had retained some of Defendant's electronic files, including a Microsoft Word document containing the identical text of the letter that Mr. Valverde sent to Defendant. The letter produced, and admitted into evidence, at the April 30, 2019 hearing is a print out of the Word document. See Gov't's Ex. 2; infra text at 6-7.

("The attorney is acting as a conduit of information for the court, not providing confidential legal advice. [The attorney's] statement related to whether [the client] had notice of the bond hearing-it did not disclose confidential information."). Accordingly, the court overruled Mr. Valverde's assertion of privilege as to the portion of the letter informing Defendant of the September 11, 2008 hearing.[3]

Defendant objected to admission of the entire letter on the basis that the remaining portion of the letter may contain privileged information. Without a certified English translation of the remaining portion of the letter, which is in Spanish, the court could not rule on Mr. Valverde's assertion of privilege over that portion of the letter and Defendant's objection to its admission. Thus, the court redacted the remaining portion of the letter and

---

[3] In ruling on Mr. Valverde's assertion of privilege, the court relied on the long-standing legal principle that the attorney-client privilege may not be used "as both a shield and a sword." Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003) ("[T]his means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege."). The court also notes that as part of the immigration proceedings, Mr. Valverde filed a Motion to Withdraw, and he voluntarily disclosed in that filing that he had informed Defendant of the September 11, 2008 hearing "in writing and in person." Mot. Withdraw at 3. See generally United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege.").

admitted the redacted version of the letter as Government's Exhibit 2. Mr. Valverde and Ms. Carola Green, Defendant's Interpreter, then each read all but the redacted portion of the letter into the record in English, confirming that Mr. Valverde provided Defendant with written notice of the date, time, and location of the September 11, 2008 hearing.

Nevertheless, on September 11, 2008, Defendant failed to appear for his hearing, and the immigration judge ordered Defendant removed <u>in absentia</u>. Removal Order, ECF No. 20-2. Defendant was removed on July 30, 2010. R. Deportable/Inadmissible Alien at 2, ECF No. 15-9. Defendant subsequently re-entered the United States and was again removed on February 18, 2013, pursuant to the September 11, 2008 Removal Order. <u>Id.</u>

On April 26, 2018, the Chesapeake, Virginia, Police Department arrested Defendant in connection with multiple hit and runs, and he was convicted on two felony counts in state court. State Sentencing Order, ECF No. 15-2 at 9. The single-count Indictment filed in this court charges Defendant with Unlawful Reentry after Deportation or Removal, in violation of 8 U.S.C. § 1326(a). ECF No. 1. The Indictment alleges that Defendant was found in the Eastern District of Virginia on or about April 26, 2018, after having been previously removed from the United States on or about July 30, 2010, at or near Hidalgo, Texas. <u>Id.</u>

**III.**

In the instant Motion, Defendant contends that because the Notice to Appear failed to include the location of the removal proceeding, the immigration court lacked jurisdiction to order Defendant's removal in 2008. Mot. at 11. Defendant further contends that because the immigration court lacked jurisdiction to order his removal, the Removal Order is void, and the current indictment in this court should be dismissed because Defendant has not re-entered the United States following the entry of a valid Removal Order. Id. "Because a deportation order is an element of the offense of illegal reentry, the Supreme Court has recognized that an alien can collaterally attack the propriety of the original deportation order in the later criminal proceeding." United States v. El Shami, 434 F.3d 659, 663 (4th Cir. 2005) (citing United States v. Mendoza-Lopez, 481 U.S. 828, 838-39 (1987)).

Defendant's Motion first asserts that the defect in the Notice to Appear and the immigration court's lack of jurisdiction satisfy the requirements of 8 U.S.C. § 1326(d) and permit him to challenge the Removal Order. Mot. at 14. Then, to challenge whether the Removal Order vested the immigration court with jurisdiction, Defendant relies on Pereira v. Sessions, 138 S. Ct. 2105 (2018). Id. at 9-14. Each assertion will be addressed in turn.

## A. Requirements of 8 U.S.C. § 1326(d)

As a threshold matter, the court will address whether Defendant has met the requirements of 8 U.S.C. § 1326(d), which provides that a defendant

> may not challenge the validity of the deportation order . . . unless the alien demonstrates that--
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

Id. "[I]f the defendant satisfies all three requirements, the illegal reentry charge must be dismissed as a matter of law." El Shami, 434 F.3d at 663.

Defendant's Motion asserts that the defect in the Notice to Appear and the immigration court's lack of jurisdiction satisfy the requirements of 8 U.S.C. § 1326(d). Mot. at 14 ("Accordingly, the defects in the notice and the immigration court's lack of jurisdiction over Mr. Pineda-Garcia and his case satisfy 8 U.S.C. §§ 1326(d)(1) and (d)(2). The defects in the notice and the immigration court's lack of jurisdiction also establish a due process violation and prejudice." (citations omitted)). However, in Defendant's Reply, and at the April 30, 2019 hearing, Defendant retreated from these assertions in his Motion and stated that he did not need to meet the requirements of § 1326(d), because his jurisdictional claim is not a collateral attack on the Removal

9

Order. Reply at 10. Defendant's counsel also stated at the April 30, 2019 hearing that his client had not attempted to show prejudice or exhaustion with respect to his jurisdictional claim.

"Courts are split on the question whether § 1326(d) prohibits an alien who cannot meet that provision's three statutory requirements from collaterally attacking a removal order on the ground that the immigration court lacked jurisdiction to issue the order." United States v. Romero-Caceres, 356 F. Supp. 3d 541, 549 n.7 (E.D. Va. 2018) (Ellis, J.) (citing cases) (concluding that the "better-reasoned approach" is the view that an alien must satisfy the § 1326(d) requirements). This court does not need to resolve the split to resolve Defendant's Motion. Rather, the court will explain why Defendant cannot meet any of the § 1326(d) requirements, and then address Defendant's jurisdictional claim, assuming arguendo that Defendant's jurisdictional claim is exempt from the § 1326(d) requirements.

### 1. Requirements One and Two

Defendant has not shown that he has "exhausted any administrative remedies that may have been available to seek relief against the order." 8 U.S.C. § 1326(d)(1). An alien may appeal a decision of an immigration judge, such as a removal order, to the Board of Immigration Appeals. 8 C.F.R. §§ 1003.1(b), 1003.3. Defendant has not shown that he appealed the Removal Order, and thus, he has not exhausted his administrative remedies. See, e.g.,

United States v. Mejia, 671 F. App'x 161, 161 (4th Cir. 2016) (concluding that a defendant "who did not appeal the removal order to the Board of Immigration Appeals, failed to exhaust available administrative remedies to challenge his removal order and is thus barred from collaterally attacking the order under 8 U.S.C. § 1326(d)").

Defendant also has not shown that "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2). This requirement is satisfied when a defendant demonstrates that some aspect of the deportation proceedings improperly prevented him from seeking judicial review. See, e.g., United States v. Mendoza-Lopez, 481 U.S. 828, 839-40 (1987) (finding this requirement satisfied when an immigration judge "permitted waivers of the right to appeal that were not the result of considered judgments . . . and failed to advise respondents properly of their eligibility to apply for suspension of deportation"). Defendant has made no such argument or showing in this case. In fact, Defendant has conceded that he had actual notice of the 2008 removal proceeding at which he did not appear, and so any deprivation of judicial review is of his own making.

Thus, Defendant is unable to meet the first two requirements of § 1326(d), because he has not shown that the omission of the hearing location on his first Notice to Appear prevented him from

11

exhausting any administrative remedies or deprived him of the opportunity for judicial review.

**2. Requirement Three**

To satisfy the third requirement of § 1326(d), fundamental unfairness, "a defendant must show that (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." El Shami, 434 F.3d at 664 (emphasis added) (quoting United States v. Wilson, 316 F.3d 506, 510 (4th Cir. 2003)). "[D]ue process requires an alien who faces [removal] be provided (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." Id. at 665 (quoting United States v. Torres, 383 F.3d 92, 104 (3rd Cir. 2004)). Defendant was accorded all three. For prejudice, a defendant must demonstrate that "but for the errors complained of, there was a reasonable probability that he would not have been deported." Id. at 665 (citing Wilson, 316 F.3d at 511). Defendant has not shown this factor.

Specifically, Defendant has not shown that his due process rights were violated by a defect in his Notice to Appear because Defendant's removal proceedings complied with the requirements of due process. Defendant's Notice to Appear provided him with notice of the charges against him. Notice Appear at 1. Defendant received a Notice of Hearing for the September 11, 2008 removal hearing,

and this Notice of Hearing included the date, time, and location of the hearing. Notice Hr'g at 1. Defendant had a hearing on September 11, 2008, and Defendant had a fair opportunity to be heard at that hearing. Removal Order at 1. Defendant's decision not to attend the September 11, 2008 hearing after receiving proper notice of it is not a deprivation of his due process rights.

Next, Defendant asserts that he suffered prejudice because in 2008 he "was eligible for voluntary departure, which would have allowed him to leave the United States within a certain time period without a removal order being entered." Mot. at 7-8. But, Defendant was not prejudiced by the omission of the immigration court's address on the Notice to Appear, because he later received a Notice of Hearing that included the date, time, and location for his September 11, 2008 removal hearing. Defendant's failure to appear at that hearing and fulfill the requirements to be granted a voluntary departure under 8 U.S.C. § 1229c(b)(1), not a defect in the Notice to Appear, is responsible for the Removal Order. Notice Hr'g at 1. Again, any prejudice Defendant may have suffered is of his own accord, not that of the removal proceedings in 2008.

Thus, Defendant is unable to meet the third requirement of § 1326(d). Because Defendant is unable to meet any of the three requirements of § 1326(d), he cannot the challenge the validity of the Removal Order.

## B. Application of Pereira v. Sessions, 138 S. Ct. 2105 (2018)

Even assuming arguendo that Defendant does not need to satisfy the § 1326(d) requirements, the immigration court had jurisdiction to order Defendant's removal. "An immigration court is vested with jurisdiction over an immigration proceeding 'when a charging document is filed with the Immigration Court' by the government."[4] Romero-Caceres, 356 F. Supp. 3d at 550 (quoting 8 C.F.R. § 1003.14). Under the regulations governing removal proceedings, a "Notice to Appear" is a charging document, 8 C.F.R. § 1003.13, and it must include certain information, id. § 1003.15(b). However, a Notice to Appear is not required to include the date, time, and location of the removal hearing. Id. A Notice to Appear is only required to include the date, time, and location of the removal hearing "where practicable." Id. § 1003.18(b). "If that information is not contained in the Notice to Appear, the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing." Id.

---

[4] At the April 30, 2019 hearing, Defendant's counsel relied heavily on Shogunle v. Holder, 336 F. App'x 322 (4th Cir. 2009), to support Defendant's jurisdictional claim. The Fourth Circuit in Shogunle held that the immigration court did not have jurisdiction because a charging document had never been filed with the immigration court. Shogunle, 336 F. App'x at 323. Shogunle does not apply to Defendant's case because a charging document, the Notice to Appear, was filed with the immigration court.

14

Defendant argues that the immigration court did not have jurisdiction to order his removal because the Notice to Appear failed to include the location of Defendant's removal proceeding. Mot. at 11. Defendant's argument that the Notice to Appear must specify the location of his removal hearing to vest the immigration court with jurisdiction improperly relies on the narrow holding of Pereira v. Sessions, 138 S. Ct. 2105 (2018). Id. at 9-14. In Pereira, the Supreme Court addressed the "narrow question" of whether a Notice to Appear that does not specify the time or place of the removal proceedings triggers the stop-time rule of 8 U.S.C. § 1229b(d)(1)(A).[5] 138 S. Ct. at 2109-10. The Court held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." Id. at 2110.

The Court's reasoning in Pereira relied on the plain language of the stop-time statute, 8 U.S.C. § 1229b(d)(1)(A). 138 S. Ct. at 2114 ("The statutory text alone is enough to resolve this case."). "By expressly referencing § 1229(a), the [stop-time]

---

[5] A noncitizen who is subject to removal proceedings and has been physically present in the United States for a continuous period of ten (10) years "may be eligible for a form of discretionary relief known as cancellation of removal." Pereira, 138 S. Ct. at 2109 (citing 8 U.S.C. § 1229b(b)(1)). The stop-time rule ends a noncitizen's continuous period of physical presence in the United States "when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1).

15

statute specifies where to look to find out what 'notice to appear' means." Id. However, "the regulations governing the vesting of jurisdiction in an immigration court do not reference § 1229(a)'s definition of a 'notice to appear.' To the contrary, the regulations themselves prescribe the information that a notice to appear must contain in order to vest the immigration court with jurisdiction." Romero-Caceres, 356 F. Supp. 3d at 552 (citations omitted); see Karingithi v. Whitaker, 913 F.3d 1158, 1160 (9th Cir. 2019) ("The flaw in this logic is that the regulations, not § 1229(a), define when jurisdiction vests. Section 1229 says nothing about the Immigration Court's jurisdiction. And for their part, the regulations make no reference to § 1229(a)'s definition of a 'notice to appear.'"); United States v. Perez-Arellano, 756 F. App'x 291, 294 (4th Cir. 2018) ("Simply put, Pereira did not address the question of an immigration judge's jurisdiction to rule on an alien's removability, and it certainly does not plainly undermine the jurisdiction of the 2004 removal proceeding."). Thus, it does not follow from Pereira that jurisdiction fails to vest in the immigration court when a Notice to Appear does not include the location of Defendant's removal hearing. See Hernandez-Perez v. Whitaker, 911 F.3d 305, 314 (6th Cir. 2018) ("If Pereira's holding applied to jurisdiction, there also would not have been jurisdiction in Pereira itself.").

16

Moreover, to the extent Defendant's Notice to Appear was defective for not including the location of the removal hearing, that defect was cured and jurisdiction vested when Defendant received subsequent notice of the removal hearing. Id. at 315 ("[J]urisdiction vests with the immigration court where, as here, the mandatory information about the time of the hearing . . . is provided in a Notice of Hearing issued after the [Notice to Appear]."); see United States v. Gomez-Salinas, No. 2:19-cr-10, 2019 WL 1141063 (E.D. Va. Mar. 12, 2019) (Davis, C.J.) ("The regulation permits the immigration court to provide the date and time later during removal proceedings. Thus, jurisdiction vests in the immigration court once a subsequent notice with the date and time is sent." (citing Molina-Guillen v. U.S. Attorney Gen., No. 18-10914, 2019 WL 669715, at *4 (11th Cir. Feb. 19, 2019))). In Defendant's case, the defect in his Notice to appear was cured and jurisdiction vested when the Notice of Hearing, which contained the time, date, and location of Defendant's removal hearing, was sent to his retained immigration attorney, who then informed Defendant of such.

Therefore, the immigration court had jurisdiction over Defendant's removal proceedings and the Removal Order is valid. In reaching this conclusion, the court joins with the District Courts in this Circuit, as well as the Second, Sixth, and Ninth Circuits, that have rejected similar jurisdictional attacks based on

Pereira. See, e.g., Banegas Gomez v. Barr, 922 F.3d 101 (2d Cir. 2019); Karingithi, 913 F.3d 1158; Hernandez-Perez, 911 F.3d 305; United States v. Diaz-Martinez, No. 3:18-cr-97, 2019 WL 1940600 (E.D. Va. May 1, 2019) (Payne, J.); United States v. Avila Flores, No. 3:18-cr-152, 2019 WL 1756532 (E.D. Va. April 19, 2019) (Gibney, J.); Gomez-Salinas, 2019 WL 1141063; United States v. Rivera Lopez, 355 F. Supp. 3d 428 (E.D. Va. 2018) (Brinkema, J.); Romero-Caceres, 356 F. Supp. 3d 541.

### IV.

Defendant's Motion to Dismiss is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Opinion to the Federal Public Defender and the Assistant United States Attorney. The Federal Public Defender and the Assistant United States Attorney are **DIRECTED** to contact the Calendar Clerk to set a new trial date.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

May 22, 2019